## John F. Eberhart v. Arthur B. Camp.

1. SERVICES—*Rendered by Joint Owner, Gratuitous.*—If one of two or more parties having an interest in the same subject-matter, acts for the benefit of all, he is, in the absence of an agreement for compensation, not entitled to any.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration; common counts; pleas of set-off and general issue with affidavit of merits; trial by the court without a jury; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

H. T. & L. HELM and H. A. CRAVENER, attorneys for appellant.

GRANT NEWELL and CHARLES E. CHURCHILL, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

One Randolph owned a house subject to an incumbrance of $2,600 to one not interested in this suit, and also subject to an incumbrance to the appellant of $1,100.

Randolph conveyed, subject as above, to the appellee. Other details, as they appeared below, need not be here stated further than that the appellant had control of the property, collecting and applying the rent for, or in protection of, his own interests.

Then the parties to this suit agreed that the appellant, who was in fact a real estate broker, should sell the property, but no arrangement was made whether or not the appellant should have commissions for making a sale. He sold, and the only question now is stated in the brief of the appellant thus:

" We recur to the original basis upon which this case rests—that the service was rendered at the request and for the benefit of the appellee, without limitation as to the right of Eberhart to claim full compensation for the value of his services, and the law certainly awards him such compensation. As will be seen by reference to the special proposition submitted to the court below, the foregoing was the sole contention and only question of difference upon which the case was determincd."

These parties were each interested in converting the property into money. It is fairly inferable from the record that the personal liability of Randolph to the appellant was of no value to the latter. Three years' unpaid interest had accrued on the $1,100 mortgage. It is a general rule that if one of two or more parties having an interest in the same subject-matter, acts for the benefit of all, he is, in the absence of agreement for compensation, not entitled to any.

The rule is most frequently applied in controversies arising out of partnership relations. 1 Lindley on Partnership, 380.

We hold that rule to be applicable to this case. By the sale the appellant obtained payment of his mortgage without the delay, trouble and expense of foreclosure.

The finding of the court below denying commissions to the appellant was right. The judgment is affirmed.